UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER SINGLETON | No. 23 CR 384<br><br>Judge Virginia M. Kendall |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The Court should deny Singleton's motion to suppress because the motion is not ripe. On February 3, 2023, after having been read his *Miranda* rights, defendant Christopher Singleton signed a *Miranda* waiver form and agreed to speak with law enforcement officers. Singleton then proceeded to make several admissions over the course of approximately 80 minutes. Singleton now seeks to suppress certain statements he made during his interrogation, arguing that he invoked his right to counsel on at least two occasions during the interview. Dkt. 30. However, the Court should deny defendant's motion because the issue is not ripe for review.

More specifically, while the government does not concede that the statements made by Singleton violated his *Miranda* rights—and specifically reserves the right to introduce the statements as evidence as part of any potential future charges—the government does not intend to introduce any of the statements challenged by defendant at trial for the charge in the indictment, namely, knowingly transmitting in interstate commerce a communication containing a threat to injury the person of another, in violation of 18 U.S.C. § 875(c). Dkt. 14. Accordingly, defendant's motion should be denied as moot. *See United States v. Quintana*, 2016 WL 6277435, at *1

(N.D. Ill. Oct. 27, 2016) (denying as moot defendant's motion to suppress with respect to the search of his residence, given the government's representation that it does not intend to introduce any evidence from the search); *United States v. Tomkins*, 2009 WL 590237, at *4 (N.D. Ill. Mar. 6, 2009) (government's representation that it does not intend to rely on any cameras, photo memory sticks, or packets of photographs seized at defendant's house, or to introduce any evidence seized from defendant's tool chests moots the motion to suppress evidence); *see also United States v. Watson*, 2023 WL 6812302, at *1 (E.D. Wis. Oct. 16, 2023) ("Because the government has agreed that it will not use any of this evidence at trial, there is no reason for the court to make any findings as to the validity of the warrants. The general rule is that when the government agrees that it will not seek to use challenged evidence at trial, a motion seeking suppression of such evidence should be denied as moot.").

Thus, there is little value to be derived from, or need for, a judicial finding on the matter. *See, United States v. Aleman*, 548 F.3d 1158, 1167 (8th Cir. 2008) (declining to review denial of motion to suppress defendant's statements, explaining that the "challenge is moot because the government did not use any part of his statement at the trial.").

For the reasons set forth above, the government respectfully asks the Court to deny defendant's motion to suppress as moot.

                                            Respectfully submitted,

                                            MORRIS PASQUAL
                                            Acting United States Attorney

By:    /s/ *Jimmy L. Arce*
        JIMMY L. ARCE
        MARGARET A. STEINDORF
        Assistant United States Attorneys
        219 S. Dearborn St., Room 500
        Chicago, Illinois 60604